UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CARL ASHTON,

     Plaintiff,

v.                                                    Case No.:  2:24-cv-572-SPC-KCD

PARKER HOUSE PROPERTIES,
INC.,

     Defendant.

_____/

## OPINION AND ORDER

Before the Court is Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 3).  For the below reasons, the Court denies the motion.

A district court may issue a temporary restraining order without notice to the adverse party if the movant provides:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1)(B); *see also Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 439 (1974) (ex parte TROs "should be restricted to serving their underlying

purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer").

If the movant establishes that it is justified in seeking ex parte relief, it then must show that injunctive relief is appropriate.  The movant may do so by showing "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the nonmovant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex. Rel Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005).

Plaintiff does not show why the Court should issue a temporary restraining order without notice to Defendant.  He does not attempt to argue any of the injunctive relief factors.  And he does not offer any security to pay Defendant's costs and damages if it is wrongly restrained.  *See* Fed. R. Civ. P. 65(c).  The Court must deny Plaintiff's motion.

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 3) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on June 21, 2024.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record