UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CARL ASHTON,

    Plaintiff,

v.                                                                       Case No.:  2:24-cv-572-SPC-KCD

PARKER HOUSE PROPERTIES,
INC.,

    Defendant.
_____/

## REPORT & RECOMMENDATION

Pro se Plaintiff Carl Ashton sues Parker House Properties, Inc., alleging it violated his due process rights through housing discrimination. (Doc. 1.) Ashton's complaint came with a motion to proceed *in forma pauperis*. (Doc. 2.) The motion was granted in part, with the Court finding Ashton was financially eligible to proceed *in forma pauperis* but did not state a claim under § 28 U.S.C. 1915(e)(2). (Doc. 4-6.). (Doc. 6.) So the Court sua sponte dismissed the complaint and provided Ashton an opportunity to amend by August 23, 2024. (*Id.* at 6.)

Among other things, Ashton was directed to plead facts illustrating the Court's subject-matter jurisdiction and provide "a short and plain statement" showing he is "entitled to relief." (*Id.* at 4-6.) The Court also warned Ashton

that failing to file an amended complaint would result in a recommendation that this case be dismissed. (*Id.* at 6.) Ashton did not respond or amend.

Ignoring the Court's order is grounds for dismissal. "A plaintiff's failure to prosecute diligently can result in dismissal if the plaintiff in response to an order to show cause fails to demonstrate due diligence and just cause for delay." M.D. Fla. R. 3.10. Similarly, the Court has the "inherent power" to dismiss a case for lack of prosecution under its authority to manage its docket. *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962).

Ashton has not diligently prosecuted this case. He ignored the Court's order and refuses to file an amended complaint. These actions show a lack of interest. Thus, the Court should dismiss this matter without prejudice.

**Recommended** in Fort Myers, Florida on August 30, 2024.

Kyle C. Dudek
United States Magistrate Judge

Copies: All Parties of Record

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. To expedite resolution, parties may file a joint notice waiving the 14-day objection period.